## PRICE *vs.* CHURCH.

An obligee in a bond, assigned it before suit brought—a judgment was recovered at law by the assignees, in the name of the obligee—and the obligee himself filed a creditor's bill in this court, to collect the judgment. After filing the bill, the attorneys for the assignees levied upon moneys, under a new execution, in the hands of the agent of the obligor. The complainant in the creditor's bill was ordered to bring the money into court, so levied upon. He did not disclose his equitable relation to the suit, until an application was made for an attachment for breach of the order.—Held, that as there was concealment and evasion, an attachment should issue to enable the court to understand the true facts from interrogatories and proofs.

An interlocutory order being made in a cause, requiring an act to be done by a party complainant, under the penalty of an attachment, and the bill is afterwards dismissed at the instance of the defendant, the dismissal of the bill does not prevent the defendant from enforcing the interlocutory order by attachment.

THIS was a creditor's bill. The defendant answered, substantially denying the material allegations in the bill. To this there was no replication. After the answer was put in, a new execution was issued upon the judgment at law, and levied upon $112 in the hands of the agent of the defendant, who had received the same for rent due to the defendant. The defendant made a motion at the last November term of this court, that such money should be brought into court, which motion was granted. The defence then made to the motion was, that the complainant had a right to issue an execution, notwithstanding his bill. The complainant was ordered to bring the money into court, or shew cause why an attachment should not issue against him. The cause was set down for hearing at the same term, and the bill afterwards dismissed, i. e. after the above order was

granted.   The complainant subsequently moved to vacate the former order; and on that occasion, presented affidavits stating that he had no control over the money levied upon by the sheriff, or the execution upon which it was levied; but did not disclose any assignment to any other person.   His motion was denied, with $10 costs.   The defendant now moves for an attachment against the complainant, for non-compliance with the two former orders of this court.   The complainant, on this motion, shows that he held a bond and mortgage against the defendant, which, before suit brought, he assigned to Wilkinson and McMaster, who prosecuted the bond in the complainant's name, and obtained judgment.   The complainant finding this judgment, filed this bill in his own name.   The attorneys for Wilkinson and Mc Master issued the execution upon the judgment under which the money was levied upon, and they refuse to pay it over to the complainant.   The attorney of the assignees was different from the solicitor for the complainant in this cause.

*Southworth & Burrell,* for complainant.

*C. L. Clarke,* for defendant.

THE VICE CHANCELLOR.   Here is a case where the obligee of a bond—having assigned it before suit commenced thereon at law, after a judgment has been obtained thereon at law in his name, as it necessarily must be, and he having no interest in the judgment—undertakes to file a creditor's bill to enforce the payment of that judgment in his own name, and that without the approbation or consent of the assignee.   He, in this, was guilty of ignorance, or

intended to commit a fraud. His own affidavit would rather lead us to the latter construction. This is not all. Upon two motions which have been made in this matter, the complainant has endeavored to conceal the situation in which he stood. There is and has been a want of frankness in his whole appearance before the court; and his appearance here in the first instance, is almost if not quite characterized by the badges of fraud. It was not until an application was made for an attachment against him, that he has disclosed his true position, even if the facts which he now presents may be relied upon as true. The court can feel no sympathy for such a party. If the defendant had not defended this creditor's bill, he might have collected the amount of the judgment against him, out of this bill; and still the assignees would also have claimed to collect it, and at least put the defendant to much trouble, if not to the necessity of paying it twice. The only defence that can be insisted upon with any color, is, that the bill having been dismissed, the court can make no farther order in the cause. I understand from the admissions of the counsel, that the bill was dismissed *after* the first order against the complainant to pay into court the money levied upon by the sheriff. This cannot, in my view, prevent proceedings to enforce that order.

It may be doubted, indeed, if the facts prove that Wilkinson and McMaster are the *bona fide* owners of the judgment—whether the complainant should be compelled to pay the money levied upon by the sheriff, into court—or whether Wilkinson and Mc Master, or the sheriff, not being parties to this suit, can be reached in this way. But the complainant is

Jan. 1841.

at least in contempt, for not paying the costs of two motions; and after his prevarications and concealments, the court cannot place entire confidence in his present statement. It is, at any rate, a fair subject for farther inquiry; and the defendant should have an opportunity to probe his conscience by interrogatories and proofs.

The motion for attachment is therefore allowed, with costs to be taxed, as asked for by the notice.